Argued September 7, affirmed October 25, petition for rehearing denied November 27, 1973

## BEAUCHAMP, *Respondent, v.* SAUSE BROS. OCEAN TOWING CO., INC., *Appellant.*

514 P2d 1346

*Alex L. Parks,* Portland, argued the cause for appellant. With him on the brief were White, Sutherland, Brownstein & Parks, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Donald Atchison, and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

## BRYSON, J.

Plaintiff brought this action predicated on the Jones Act, 46 USCA § 688, and unseaworthiness of the vessel to recover damages for personal injuries suffered in an accident aboard defendant's tugboat, the Honcho. Plaintiff's injury occurred when he slipped on a ladder during the course of his employment with defendant. A jury returned a verdict for plaintiff and defendant appeals.

Two of defendant's assignments of error are based on the court's refusal to grant defendant's motions for involuntary nonsuit and for a directed verdict. We review the record, bearing in mind that the evidence must be viewed in the light most favorable to the plaintiff, and all conflicts in the evidence must be resolved in favor of the plaintiff. *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 490, 509 P2d 1199, 1202 (1973).

Plaintiff was employed by defendant in September of 1968 as a tugboat mechanic and maintenance man. At approximately 1400 hours on May 9, 1969, plaintiff reported for duty on defendant's tug at the Union Oil Co. dock in Coos Bay, Oregon. Plaintiff's position in the crew was second assistant engineer. As plaintiff boarded the Honcho, the chief engineer, Phil Cash, was just completing the fueling of the vessel in preparation for a trip to Honolulu, Hawaii. At that time, plaintiff noticed that some fuel had been spilled on the deck of the vessel. The spilling of small amounts of fuel during this operation is, according to the testimony, not an unusual occurrence. Plaintiff was instructed to activate the fresh water system aboard the

vessel, and he proceeded immediately to carry out this assignment.

A dispute arose between Phil Cash and Captain John Davis, the ship's master, and Cash left the vessel abruptly. When Cash left, Merle McGuire, the first assistant engineer, completed the fueling operation that Cash had been performing. McGuire testified that plaintiff "did help some" in the fueling operation. Apparently all of the deck hands were "milling around the boat" and would briefly lend assistance to fellow seamen in the variety of operations being performed in preparation for the voyage. Plaintiff testified that he "wasn't a part of the fueling operation" on the day in question. McGuire stated that it was his own responsibility, as the man who disconnected the fuel hoses, to clean up any spilled fuel and that he performed the cleanup operation on this occasion. McGuire further stated that he did not remember where plaintiff was during the cleanup of the spilled fuel.

At approximately 1605 hours the Honcho departed the fueling dock to conduct engine performance and "pull" tests in the harbor. Plaintiff's job was to relay messages between Captain Davis on the boat deck and chief engineer Robert Krause in the engine room. To do so, plaintiff was required to descend a steep, metal, engine room ladder. There is testimony that plaintiff's shoes had accumulated some fuel oil residue from the deck surface when plaintiff was performing his duties during the fueling operation. On one of plaintiff's trips down the engine room ladder plaintiff's foot slipped off the ladder and plaintiff was injured in the fall. According to plaintiff, the cause of the fall was the oil on his shoes.

Defendant contends that the trial court should

have granted defendant's motions for involuntary nonsuit and for a directed verdict because "[i]t was one of plaintiff's duties to promptly clean up any oil which may have been spilled on the deck of the tug. He is thus precluded from any [recovery for] injuries resulting from this breach of his employment agreement with the defendant."

Defendant's argument relies principally on *Walker v. Lykes Bros. S. S. Co.,* 193 F2d 772 (2d Cir 1952). *Walker* created an exception to the general rule that contributory negligence shall not preclude a recovery in a Jones Act case, such as the case at bar. The holding of the *Walker* case has been heavily criticized, as we noted most recently in *Jussila v. Sause Bros.,* 266 Or 136, 140-41, 512 P2d 795 (1973). *See also, Barrell v. Brown,* 261 Or 463, 471, 495 P2d 733 (1972). In *Jussila,* decided after the trial in this case, we held that the trial court properly submitted the case to the jury where there was a conflict in the evidence as to whether the plaintiff seaman was primarily responsible for carrying out the duty which, if properly performed, would have prevented the plaintiff's injury.

The present case is quite similar to *Jussila.* There is some conflicting evidence on the scope of plaintiff's duties aboard the Honcho. However, a review of the record discloses there is substantial evidence that it was not plaintiff's primary responsibility to fuel the vessel and clean up any spilled fuel. In fact, Captain Davis testified he did not know who was doing the refueling. Therefore, *Walker* is inapplicable and the trial court properly denied defendant's motions for an involuntary nonsuit and a directed verdict. *Jussila v. Sause Bros., supra.*

The final assignment of error is based on the

court's refusal to give the following requested jury instruction:

> "If you find that plaintiff as an able-bodied seaman serving in the Engine Department of the Tug Honcho was responsible for cleaning up any spilled fuel oil present on the deck of the tug and that the proximate cause of his injuries was a failure on his part to do some step or act which ought to have been done, or to look out for his own safety, then you must find the plaintiff was contributorily negligent and this must be taken into consideration by you in arriving at the amount of plaintiff's damages, if any, as I shall instruct you hereafter."

Again defendant relies on *Walker v. Lykes Bros. S. S. Co., supra,* where the court reversed the trial court for failing to give specific requested instructions concerning the plaintiff's duty to repair the condition which ultimately caused his injury. As stated in *Jussila,* it is uniformly required that the plaintiff be primarily responsible for carrying out the alleged duty. Here there is no evidence that it was the plaintiff's primary responsibility to fuel the vessel and clean up spilled fuel. The trial court properly refused to give the requested instruction.

Affirmed.